

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2007

# Elshinnawy v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Elshinnawy v. Comm Social Security" (2007). *2007 Decisions.* Paper 898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2056

———————

ABDELFATTAH M. ELSHINNAWY,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-03061)
District Judge: Honorable Lawrence f. Stengel

———————

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

———————

Before: BARRY, CHAGARES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 21, 2007)

———————

OPINION

———————

PER CURIAM

Abdelfattah M. Elshinnawy appeals the order of the United States District Court

for the Eastern District of Pennsylvania denying his motion for summary judgment and

granting the motion for summary judgment of the Commissioner of the Social Security

Administration ("SSA" or "the agency").  We will affirm.

## I.

The parties are well-versed with the factual background of this case, so we will only summarize it here.  Elshinnawy was born in Egypt on February 1, 1933.  He came to the United States in 1959 at age twenty-six and became a citizen in 1971.  He completed his doctorate degree in engineering during the mid-1960s and entered the workforce.  Elshinnawy worked as an engineer, first in private industry, and later for the United States Navy.  In November 1997, Elshinnawy filed an application for Social Security retirement insurance benefits.[1]  The application contains his acknowledgment that his civil service annuity or pension benefits from his Navy employment ("CSA") would offset his Social Security benefits; he agreed to notify the agency as soon as he learned the amount of the CSA to avoid overpayment by Social Security.  In January 1998, Elshinnawy received an interim CSA payment covering most of 1997, with notice that the monthly payment amount had not yet been determined.  Elshinnawy later received an annuity adjustment payment covering all benefits due from February 1, 1995 (the date on which he turned sixty-two years of age) through January 31, 1998, with a final interim payment being made on February 1998.  His monthly CSA payment, as of December 1997, was $574.00.

---

[1]  It appears that retirement insurance benefits ("RIB") are the only Social Security benefits at issue in this appeal.  For purposes of this opinion, we will refer to these benefits by the agency to Elshinnawy as h is "Social Security benefits" or "retirement benefits."

Elshinnawy received his first Social Security retirement benefits payment in February 1998. In late June, 1998, Elshinnawy notified the agency of the amount of his CSA. The agency did not immediately offset the amount of his retirement benefits due to the CSA, but it finally began doing so in March 2000, after notification of the reduction in February 2000. On May 3, 2000, the SSA notified Elshinnawy that he had been overpaid by the agency in the amount of $5,791.00 for the period between January 1998 and March 2000. The agency gave him the options to either reimburse the amount or to have the agency withhold an amount from his benefits payments until the overpayment was repaid.

In July 2000, elshinnawy filed a request for a waiver of overpayment recovery. In his request, he stated that he believed he was not at fault for the overpayment, but he did not complete the financial statement section of the form to support his waiver request. In August 2000, Elshinnawy filed a request for reconsideration of the overpayment determination. He challenged the application of the windfall elimination provision ("WEP"), the modified formula for computing Social Security retirement benefits when a claimant is also entitled to a pension based on employment not covered under Social Security, as is the case here with Elshinnawy's CSA. In 2002, the agency upheld the initial determination that the WEP was correctly applied to reduce Elshinnawy's Social Security benefits, and that the calculation amount was correct.

Elshinnawy requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held. The ALJ issued an unfavorable decision, finding that Elshinnawy was not without fault in receiving the overpayment, that the agency's calculations were

3

correct, and that the amount of the overpayment was correct. On appeal, the Appeals

Council remanded for reconsideration of evidence not previously presented to the ALJ,

namely a June 1998 letter evidencing that Elshinnawy notified the SSA regarding his

CSA. The Appeals Council directed the ALJ to conduct a supplemental hearing on

whether the WEP was applied correctly, and, if an overpayment existed, whether

Elshinnawy was not without fault in causing it. Elshinnawy was also given another

opportunity to submit a fully completed waiver request or to explain to the ALJ why he

declined to submit it.

In 2004, the ALJ conducted another hearing on the matter[2] but again issued an

unfavorable decision. The Appeals Council affirmed, concluding that the WEP was

properly applied, as Elshinnawy was receiving a pension from non-covered employment.

The Appeals Council also agreed that the agency's calculations were correct in the

overpayment determination. Lastly, the Appeals Council found that recover of

overpayment could not be waived because Elshinnawy was not without fault; he did not

properly report his CSA to the agency, and he received excess benefits that he should

have known to be incorrect. The Appeals Council's decision became the Commissioner's

final decision. See 20 C.F.R. § 404.981.

In June 2005, Elshinnawy filed a pro se civil action in the United States District

Court for the Eastern District of Pennsylvania, seeking judicial review of the

---

[2] Elshinnawy was represented by counsel at the ALJ hearing.

4

Commissioner's decision. The parties filed cross motions for summary judgment. The Magistrate Judge issued a report and recommendation that Elshinnawy's motion for summary judgment be denied and that the agency's motion be granted. Elshinnawy filed objections to the report and recommendations. By order entered February 28, 2006, the District Court overruled the objections and adopted the report and recommendation. Elshinnawy appeals.

## II.

We have appellate jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We exercise plenary review of the District Court's order, but we may reverse the grant of summary judgment in the Commissioner's favor only if the Commissioner's decision is not supported by substantial evidence. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), citing Pierce v. Underwood, 487 U.S. 552 (1988). Because Congress has delegated to the Commissioner the responsibility to administer complex benefits programs, we defer to the Commissioner's interpretation of Social Security legislation, as long as it is reasonable and not arbitrary and capricious. Sanfilippo v. Barnhart, 325 F.3d 391, 393 (3d Cir. 2003).

## III.

During the administrative proceedings, Elshinnawy argued that the agency

miscalculated the amount of his retirement benefits. To the extent that he raises these challenges here, we will address them briefly. In brief summary of the applicable statutes, the agency determines the amount of retirement benefits by calculating the primary insurance amount, which is based on a percentage of the individual's "average indexed monthly earnings." 42 U.S.C. § 415(a). The average indexed monthly earnings are determined by dividing the total wages paid in by the number of months in the individual's "benefit computation years." 42 U.S.C. § 415(b)(1). The benefit computation years equal the number of "elapsed years" minus five years. 42 U.S.C. § 415(b)(2). Elapsed years are "the number of calendar years after 1950 (or, if later, the year in which the individual attained age 21) and before the year in which the individual . . . attained age 62," excluding any calendar year included in a period of disability. 42 U.S.C. § 415(b)(2)(B)(iii).

First, elshinnawy contends that the agency used an incorrect number of elapsed years in calculating his retirement benefits. He points to the agency's April 2002 reconsideration determination, which states that the "elapsed years" are calculated with reference to the number of years after the year the individual attains "age 22." On that basis, elshinnawy argues that agency should have used thirty-nine elapsed years instead of the forty elapsed years in its calculation. We conclude that substantial evidence supports the Appeals Council's finding that the reference to 'age 22" in expressing the "elapsed years" portion of the April 2002 analysis is a typographical error, and the calculation using forty elapsed years and thirty-five benefit computation years in

6

Elshinnawy's case is correct under the statute. Second, Elshinnawy asserts that the number of years in the calculation should be reduced because he did not arrive in the United Stats until 1959 at age twenty-six, and he was unable to enter the work force during the years he was a student. Elshinnawy has not shown any statutory or regulatory authority for the agency to deviate from the prescribed method of calculating retirement benefits based on his personal circumstances, either under a theory of "disability" due to his not being present in the United States until age twenty-six, or under any other theory.[3]

IV.

The main focus of Elshinnawy's arguments on appeal relate to whether the agency properly applied the Windfall Elimination Provision, or WEP. In summary, and as relevant to this matter, the WEP applies to a benefits claimant who becomes eligible for benefits after 1985 and also becomes available for a benefit from non-covered employment (in this case, Elshinnawy's CSA). See 42 U.S.C. § 415(a)(7)(A). Calculation under the WEP operates to reduce the percentage used to compute the primary insurance amount. 42 U.S.C. § 415 (a)(7)(B). One of the statutory exceptions is that the WEP does not apply to individuals who have thirty or more "years of coverage,"

---

[3] On appeal, elshinnawy contends that the statutory formula is unconstitutional and discriminatory. His argument seems to be that the formula negatively impacts his benefits calculation as an immigration. We do not address Elshinnawy's constitutional claim because it was not raised during the proceedings below and was not preserved for review. We note that Elshinnawy does not explain how his retirement benefits were calculated any differently for him as an immigrant as compared to non-immigrant retirees of like age who similarly delayed entering the workforce for years beyond age twenty-one in order to pursue educational goals.

a term defined in section 415(a)(1)(C)(ii).  42 U.S.C. § 415(a)(7)(D).

Elshinnawy argues that the agency determined, without explanation, that he did not qualify for any of the statutory exceptions to applying the WEP.  Indeed, he asserts that he qualifies for the exception as one who has more than thirty "years of coverage."  The essence of his argument is that, under his interpretation, the number of "years of coverage" is the same as the number of his benefit computation years.  As discussed earlier, Elshinnawy has thirty-five benefit computation years, totaled from his forty elapsed years minus five.[4]  See 42 U.S.C. § 415(b)(2).  As applicable to Elshinnawy, section 415(a)(1)(C)(ii) defines "years of coverage" as "the number equal to the number of years after 1950 each of which is a computation base year (within the meaning of subsection (b)(2)(B)(ii) of this section) and in each of which he is credited with wages . . . ."  Elshinnawy interprets this to mean that a "year of coverage" is the same as a benefit computation year, every one of which is a year "credited" with covered earnings, regardless of whether the wages were earned in a particular year.  Extending his argument, he asserts that, because he has thirty-five benefit computation years, he also must have thirty-five years of coverage, and therefore he is exempt from application of the WEP.  We are not persuaded by Elshinnawy's interpretation of "years of coverage" to contemplate averaging his earnings over a greater number of years than were covered by

---

[4]  Elshinnawy refers to having thirty-five "years of coverage" and thirty-five "computation base years," each credited with an average monthly covered earnings amount.  However, it appears that he actually refers to his thirty-five "benefit computation years."

8

Social Security, especially when the Commissioner's implementing regulations explain that a "year of coverage" is, in fact, dependent on a showing of minimum covered earnings in a <u>particular</u> year. <u>See</u>, <u>e.g.</u>, 20 C.F.R. § 404, Subpt. C., App. IV. There is substantial evidence in the administrative record to support the agency's determination that Elshinnawy does not qualify for the exception to the WEP application for having thirty or more years of coverage.

V.

When a claimant's retirement benefits should have been calculated under the WEP but were not, an overpayment to the claimant results. Waiver of an overpayment is appropriate when the claimant is (1) "without fault" in causing the overpayment, and 92) recovery would defeat the purpose of Title II of the Social Security Act, or would be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a).

We agree with the District Court's conclusion that there is substantial evidence in the administrative record that Elshinnawy was overpaid for the period between January 1998 and March 2000, and that he was not "without fault." As noted earlier, Elshinnawy acknowledged on his initial retirement benefits application that receipt of his CSA could cause an overpayment in Social Security benefits. he received his final interim CSA payment in February 1998, and notified the SSA in late June 1998, after the CSA amount was finalized. Elshinnawy continued to receive the same amount of Social Security benefits for almost two years until the agency discovered the error; he continued to accept payments that he either knew or could have been expected to know were incorrect in

9

amount. <u>See</u> 20 C.F.R. § 404.507(c). He argues that he notified the agency in June 1998 of his CSA amount, and the overpayment resulted from the agency's lack of response until twenty months later. however, even though the SSA may have been at fault in making the overpayment, that fact does not relieve Elshinnawy from liability for repayment if he is not without fault. <u>See</u> 20 C.F.R. § 404.507. Because Elshinnawy is not without fault, he does not qualify for a waiver of recover of the overpayment.[5]

## VI.

In conclusion, we find that the Commissioner's final decision is supported by substantial evidence and that the agency applied the correct statutes and regulations in evaluating Elshinnawy's case. We will affirm the judgment of the District Court. The motion to vacate the Magistrate Judge's report and recommendation and the District Court's order is denied.[6]

---

[5] As the District Court noted, Elshinnawy refused to submit requested financial information to support his waiver request because he viewed it as a "degrading" exercise. Elshinnawy argues that, under 20 C.F.R. § 404.506(f)(8), submission of financial information is not compulsory. Presumably, he bases his argument on the provision's wording that financial information is collected "if necessary." We note that section 404.506(f)(8) concerns the submission of "updated" financial information; the provision is not at odds with section 404.506(c)'s direction that an individual requesting a waiver is to provide information to support a claim that recover would defeat the purpose of title 11 of the Act (see § 404.508) or be against equity and good conscience (see § 404.509). In particular, the inquiry under section 404.508 depends upon whether the person has sufficient income and other financial resources to meet his ordinary and necessary expenses, including ordinary household living expenses and medical expenses.

[6] We have reviewed Document #15 of the District Court record, upon which Elshinnawy's motion before this Court relies, and it does not alter our conclusion.